**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

Connolly North America, LLC,

    Debtor.
_____/

Mark H. Shapiro, Chapter 7 Trustee
for Connolly North America, LLC,

    Appellant,

v.

Bruce C. French, successor Chapter 7 Trustee
for Connolly North America, LLC, Mediofactoring,
Coface Argentina, and Curtiembre Arlei, S.A.,

    Appellees.
_____/

Case No. 09-14179
Hon. Gerald E. Rosen

Bankr. Case No. 01-57090
Chapter 7
Hon. Thomas J. Tucker

**OPINION AND ORDER REGARDING MOTION TO
AMEND NOTICE OF APPEAL AND MOTION TO DISMISS APPEAL**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 16, 2010

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I. INTRODUCTION

On October 22, 2009, Appellant Mark H. Shapiro, the former Chapter 7 trustee for the bankruptcy estate of Debtor Connolly North America, LLC, filed a notice of appeal in which he challenged the Bankruptcy Court's October 15, 2009 order granting a motion to

remove him as the trustee. Two motions concerning this appeal are presently pending before the Court. First, former trustee Shapiro has filed a motion requesting that his notice of appeal be amended to accurately reflect his status as the predecessor, rather than the current, Chapter 7 trustee. Next, the successor Chapter 7 trustee, Appellee Bruce C. French, has filed a motion to dismiss the appeal, on the grounds (i) that former trustee Shapiro failed to commence this appeal in the proper capacity, and (ii) that the appointment of a successor trustee has rendered this appeal moot.

Each of these motions has been fully briefed by the parties. Having reviewed the parties' motions, briefs, and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant facts and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide the two pending motions "on the briefs." *See* Local Rule 7.1(e)(2), Eastern District of Michigan. For the reasons stated below, the Court finds no basis for dismissing this appeal, and further concludes that the former trustee's motion to amend should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November of 2001, Appellant Mark H. Shapiro was appointed the Chapter 7 trustee for the estate of Debtor Connolly North America, LLC. On July 17, 2009, creditors Mediofactoring, Coface Argentina, and Curtiembre Arlei, S.A. ("Creditors") filed a motion for the removal of Shapiro as trustee. Following a hearing, the Bankruptcy Court entered an October 15, 2009 order granting the Creditors' motion and removing

Shapiro as trustee.

On October 22, 2009, Shapiro commenced the present appeal, challenging the Bankruptcy Court's order of removal. In his notice of appeal, former trustee Shapiro identified himself as "the Chapter 7 Trustee for the bankruptcy estate of Connolly North America, LLC." (*See* 10/22/2009 Notice of Appeal.) Following Shapiro's removal as trustee, the United States Trustee appointed Appellee Bruce C. French as successor Chapter 7 trustee for Debtor's bankruptcy estate.

Just over a month after he commenced this appeal, Shapiro filed a November 30, 2009 motion with the Bankruptcy Court, requesting that the order for his removal as trustee be stayed pending the resolution of his appeal from this order. In a December 10, 2009 order, the Bankruptcy Court denied Shapiro's motion, but nonetheless imposed a stay upon "all further proceedings in this bankruptcy case relating to the Successor Trustee's investigation and evaluation of possible claims that the bankruptcy estate may have against Mark H. Shapiro or his law firm," as well as "any investigation of any such claims by or on behalf of the Successor Trustee." (Bankr. Court 12/10/2009 Order at 1.)[1]

On January 8, 2010, Shapiro filed a motion with this Court, seeking leave to amend his notice of appeal to accurately reflect his present status (pending the outcome of his appeal) as former Chapter 7 trustee. Successor trustee French, in turn, has filed a

---

[1] The Bankruptcy Court subsequently granted successor trustee French limited relief from this stay. (*See* Bankr. Court 2/10/2010 Order.) More recently, the Bankruptcy Court extended this limited stay, which now will remain in effect until July 19, 2010 or until the present appeal is concluded. (*See* Bankr. Court 3/31/2010 Order.)

3

motion to dismiss this appeal, arguing (i) that Shapiro lacks standing to pursue an appeal in a role (Chapter 7 trustee) that he no longer holds, and (ii) that this appeal is now moot in light of the appointment of a successor trustee.

### III. ANALYSIS

**A.     Shapiro's Erroneous Designation of Himself as "Chapter 7 Trustee" in His Notice of Appeal May Be Corrected by Amendment, and Does Not Warrant the Dismissal of This Appeal.**

As noted, former Chapter 7 trustee Mark H. Shapiro designated himself as "the Chapter 7 Trustee" in his notice of appeal, despite the fact that he had been removed as trustee in the Bankruptcy Court order being challenged on appeal. Shapiro has now moved to amend this notice of appeal to accurately reflect his status as predecessor trustee. The successor trustee, Bruce C. French, opposes this motion, and has filed his own motion arguing that this appeal must be dismissed due to Shapiro's misstatement of the capacity in which he has appealed. As explained below, the Court finds that Shapiro has the better of the argument on this point.

A federal district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts within its district. 28 U.S.C. § 158(a). The manner of taking such an appeal is governed by Bankruptcy Rule 8001(a), which provides in pertinent part that a "notice of appeal shall (1) conform substantially to the appropriate Official Form, [and] (2) contain the names of all parties to the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8001(a). Rule 8001(a) further states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal

4

does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

In the briefing on their motions, the parties have not identified any case law that squarely addresses the question presented here — namely, whether a notice of appeal from a bankruptcy court order may be deemed to comply with the dictates of Rule 8001(a) despite its mischaracterization of an appealing party. Nonetheless, the courts have observed that Rule 8001(a) is "modelled after" Fed. R. App. P. 3, which governs the manner of taking an appeal from a district court ruling. *Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014, 1021 (5th Cir. 1991); *see also Wien Air Alaska, Inc. v. Bachner,* 865 F.2d 1106, 1111 n.4 (9th Cir. 1989) (stating that Rule 8001(a) "derives from the appellate rule"). Moreover, the "Official Form" referenced in Rule 8001(a), Official Form 17, calls for essentially the same information as Fed. R. App. P. 3(c)(1) requires in a notice of appeal from a district court judgment or order. Thus, the cases addressing the appellate rule provide guidance in interpreting the requirements of Rule 8001(a).

If this case were governed by Fed. R. App. P. 3, it is clear that former trustee Shapiro's notice of appeal would suffice to meet the dictates of this Rule. Most notably, Rule 3 expressly provides that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, *or for failure to name a party whose intent to appeal is otherwise clear from the notice.*" Fed. R. App. P. 3(c)(4) (emphasis added). In light of

5

this and other language in the Rule, the Supreme Court has emphasized that "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, [and] to which appellate court." *Becker v. Montgomery,* 532 U.S. 757, 767, 121 S. Ct. 1801, 1808 (2001). Similarly, the Sixth Circuit has read *Becker* and other Supreme Court decisions as indicating that the courts should "liberally construe the requirements of Rule 3 to permit notices of appeal technically at variance with the letter of a procedural rule but that amount to the functional equivalent of what the rule requires." *Isert v. Ford Motor Co.,* 461 F.3d 756, 759 (6th Cir. 2006) (internal quotation marks and citations omitted). Finally, the Advisory Committee notes to the Rule explain:

> [T]he rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward.

Fed. R. App. P. 3 advisory committee's note.

In this case, the successor trustee cannot seriously contend that there is any doubt or confusion as to the identity of the appealing party. The notice of appeal expressly identifies "Mark H. Shapiro" as the appellant, and the "Order Granting Motion for Removal of Bankruptcy Trustee" as the ruling from which he is appealing. To be sure, the notice mistakenly states that Shapiro is "the Chapter 7 Trustee for the bankruptcy estate of Connolly North America, LLC," without acknowledging that he no longer serves in this role. Yet, Shapiro's status has changed by virtue of the ***very order*** he is

challenging on appeal, thereby obviating any concern that the Court or any interested party might be misled by his characterization of himself as "the Chapter 7 Trustee." Certainly, the party who seeks the dismissal of this appeal, successor trustee French, cannot plausibly claim any uncertainty or confusion arising from Shapiro's failure to acknowledge that he is no longer serving as the Chapter 7 trustee, nor can French tenably assert that he would have been better informed if only Shapiro had inserted the word "predecessor" in his notice of appeal. What is more, Shapiro is plainly an aggrieved party — and, indeed, arguably *the only* aggrieved party — under the Bankruptcy Court's order removing him as trustee, which surely alleviates any uncertainty about the identity of the appealing party.

Under comparable circumstances, where the notice of appeal and the surrounding circumstances left no doubt as to the identity of the appealing party, the courts have been unwilling to dismiss an appeal for lack of technical compliance with Fed. R. App. P. 3. *See, e.g., Dixon v. Clem,* 492 F.3d 665, 677-78 (6th Cir. 2007); *Air Line Pilots Association v. Continental Airlines (In re Continental Airlines),* 125 F.3d 120, 128-29 (3d Cir. 1997); *Barbour v. Merrill,* 48 F.3d 1270, 1275-76 (D.C. Cir. 1995). Indeed, in several such cases uncovered in the Court's research, the complained-of technical deficiency in the notice of appeal was essentially the same as the defect identified here — *i.e.,* a misstatement or omission of the capacity in which the appellant pursued an appeal — but the courts nonetheless held that the appeals could proceed. *See New York Life Insurance Co. v. Deshotel,* 142 F.3d 873, 884-85 (5th Cir. 1998); *Baker v. Putnal,* 75 F.3d

190, 194 (5th Cir. 1996); *Tinkler v. United States,* 982 F.2d 1456, 1460-61 (10th Cir. 1992); *Brown v. Palmer,* 915 F.2d 1435, 1439-40 (10th Cir. 1990).[2]

It remains only to ask whether any differences in the language of Rule 8001(a) and Fed. R. App. P. 3 might warrant a different outcome in this case. The Seventh Circuit has observed that these "two rules governing notices of appeal differ mysteriously," with Rule 8001(a) generally being the "more demanding" of the two. *Fadayiro v. Ameriquest Mortgage Co.,* 371 F.3d 920, 921-22 (7th Cir. 2004). In particular, Rule 8001(a) requires that "all parties" to the challenged judgment or order be identified, and it lacks the language of Fed. R. App. P. 3(c)(4) that prohibits the dismissal of an appeal on the grounds of "informality of form or title" or "failure to name a party whose intent to appeal is otherwise clear from the notice." *See Fadayiro,* 371 F.3d at 921-22 (comparing and contrasting the two rules). Nonetheless, the Seventh Circuit concluded that these distinctions between the two rules did not preclude an inquiry into substantial compliance with Rule 8001(a), nor did they dictate the dismissal of a bankruptcy appeal for lack of strict adherence to this Rule:

> We do not think that [appellant] Fadayiro's failure of complete, literal conformity to Rule 8001(a) and its incorporated Official Bankruptcy Form 17 should be thought a *jurisdictional* defect, and hence unforgivable. This is not to say that the difference between the wording of the appellate rule and of the bankruptcy rule is trivial or accidental. A bankruptcy will

---

[2]Along the same lines, the courts have allowed parties to amend their pleadings, and have deemed these amendments to relate back to an earlier pleading, where the amendment merely corrects a misdescription of the capacity in which an existing party is suing or being sued. *See, e.g., Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318-19 (6th Cir. 2010); *Hill v. Shelander,* 924 F.2d 1370, 1376-78 (7th Cir. 1991).

> often spawn multiple subproceedings. Whereas in normal civil litigation it can be safely assumed that everyone who is not an appellant must be an appellee, that is not a safe assumption in bankruptcy. Many parties will be bystanders to a particular adversary proceeding, or other subproceeding, that has given rise to an appeal. It is therefore important that the notice of appeal name the appellees. In addition, and also related to the hydraheaded character of many bankruptcy proceedings, all bankruptcy is practiced through Official Forms; and unlike normal federal civil practice, where the forms are illustrations, in bankruptcy they are mandatory. The bankruptcy community believes this essential to the mass-production system that is modern bankruptcy adjudication. You look in the forms and see who must respond to what; going behind the forms might create serious problems.
>
> It does not follow, however, that strict and literal compliance with the rule and the forms should be deemed jurisdictional in the sense that a failure to comply, however innocuous, spells doom for the appeal. Nothing in the history of the rule, the case law, the treatises, the discussion by the district judge, or the appellees' brief suggests that such dire, irrevocable consequences should flow from the difference in wording between Fed. R. App. P. 3(c) and Bankr. R. 8001(a), significant as that difference is. *All* the information required by Rule 8001(a) was in fact supplied by the appellant though not in the format prescribed by the form to which the rule refers. Presumably "confirm substantially" has reference to information rather than to format and thus describes this case, where all the information was supplied, albeit not in the most compact and accessible form. The very phrase indicates that literal compliance with formal requirements is not indispensable to the administration of the bankruptcy system; the number of such requirements reinforces this inference by increasing the likelihood of inadvertent mistakes. It was error to dismiss the appeal.

*Fadayiro,* 371 F.3d at 922-23 (citation omitted).

The Court finds this reasoning both persuasive and fully applicable here. As explained, the case law addressing Fed. R. App. P. 3 holds that technical defects in a notice of appeal do not warrant the dismissal of an appeal so long as the notice sufficiently identifies the appealing party and the challenged order or judgment. While Rule 8001(a) lacks the explicit language of Fed. R. App. P. 3(c)(4) dictating that such

defects are not fatal to an appeal, it does include language requiring only that the notice of appeal "conform substantially" to the pertinent Official Form. Moreover, Rule 8001(a) dictates that a notice of appeal "contain the names of all parties to the judgment, order, or decree appealed from," without in any way suggesting that a mischaracterization of the *capacity* in which a party appeals might render the notice irremediably defective.

Against this backdrop, the Court finds that the notice of appeal in this case sufficiently comports with Rule 8001(a), such that the dismissal of this appeal is not warranted. Certainly, successor trustee French's submissions to this Court lack any analysis of the language of Rule 8001(a) or citation to authority that would support the notion that the defect here — an appellant's misstatement of his capacity — warrants the dismissal of an appeal. Rather, because the notice of appeal in this case accurately identifies the appealing party, Mark Shapiro, and because no confusion or prejudice has arisen from his mischaracterization of himself as the "Chapter 7 Trustee" rather than the predecessor trustee, the Court finds that the notice complies with Rule 8001(a), and it will allow Shapiro to amend his notice of appeal to reflect his status as predecessor trustee.[3]

---

[3] In light of the Court's conclusion that the notice of appeal satisfies the dictates of Rule 8001(a), it follows that this notice may be amended without running afoul of any time limits for curing jurisdictional defects in an initial notice of appeal. *Cf.* Fed. R. Bankr. P. 8002(a), (c)(2) (establishing deadlines for filing a notice of appeal and for seeking an extension of the time for appeal); *Suhar v. Burns (In re Burns),* 322 F.3d 421, 430 (6th Cir. 2003) (holding that these deadlines apply to amended notices of appeal that would expand the scope of the appeal). In addition, the Court need not address successor trustee French's challenge to Shapiro's standing to pursue this appeal, as this challenge rests on the incorrect premise that Shapiro is appealing in a capacity (Chapter 7 trustee) in which he no longer serves. It is clear that Shapiro is an aggrieved party under the Bankruptcy Court order removing him as trustee, and this suffices to confer standing to pursue an appeal from this order. *See Harker v. Troutman (In re Troutman*

**B.     The Appointment of a Successor Trustee Does Not Moot This Appeal.**

Apart from citing Shapiro's mischaracterization of himself as the "Chapter 7 Trustee" in his notice of appeal, successor trustee Bruce French also contends that this appeal is subject to dismissal on grounds of equitable mootness. The Court readily rejects this contention, in light of French's utter failure to identify any developments since the Bankruptcy Court removed Shapiro as trustee that might prove difficult to unwind in the event that Shapiro prevails on appeal.

French's challenge to the continued viability of this appeal rests upon the doctrine of equitable mootness, which the Fourth Circuit has described as follows:

> Unlike the constitutional doctrine of mootness, which bars consideration of appeals because no Article III case or controversy remains, the doctrine of *equitable* mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable. Applied principally in bankruptcy proceedings because of the equitable nature of bankruptcy judgments, equitable mootness is often invoked when it becomes impractical and imprudent "to upset the plan of reorganization at this late date." *In re UNR Indus., Inc.,* 20 F.3d 766, 769 (7th Cir. 1994).

*Mac Panel Co. v. Virginia Panel Corp.,* 283 F.3d 622, 625 (4th Cir. 2002).[4]

Assuming, for present purposes only, that the doctrine of equitable mootness

---

*Enterprises, Inc.),* 286 F.3d 359, 364 (6th Cir. 2002).

[4] The Court notes that the parties have largely talked past each other in their briefing on the mootness issue, with successor trustee French relying exclusively on the doctrine of equitable mootness, while former trustee Shapiro discusses only the Article III test for mootness. Because French does not contend that this appeal is moot in the constitutional sense, the Court considers only whether the doctrine of equitable mootness might apply here.

11

applies here,[5] the "most important factor" in determining the application of this doctrine is "whether the relief requested [on appeal] would affect either the rights of parties not before the court or the success of the plan [of reorganization]." *Bank of Montreal v. Official Committee of Unsecured Creditors (In re American HomePatient, Inc.),* 420 F.3d 559, 564 (6th Cir. 2005). In addition, a court must ask "whether a stay has been obtained," and "whether the plan [of reorganization] has been substantially consummated." *In re American HomePatient,* 420 F.3d at 563 (internal quotation marks and citations omitted).

None of these factors supports the dismissal of this appeal on grounds of equitable mootness. First, while French cites Shapiro's purported failure to secure a stay of the order of removal pending appeal, the Bankruptcy Court instead imposed a stay which fully preserves the *status quo* in all meaningful respects. The proceedings in the underlying bankruptcy case have very nearly concluded, and successor trustee French has acknowledged that his "key mission at this stage of the Bankruptcy Case is to investigate causes of action against the Former Trustee and his professionals." (Successor Trustee French's Motion to Dismiss Appeal, Br. in Support at 8.) Yet, the stay imposed by the Bankruptcy Court — which since has been extended to July 19, 2010 — expressly prohibits the successor trustee from investigating any claims against Shapiro, his law

---

[5]French concedes that the Sixth Circuit has never applied the equitable mootness doctrine in a Chapter 7 case. Neither has he cited any case in which this doctrine has been applied to dismiss an appeal from an order removing a trustee.

firm, or any attorneys at this firm.

The Bankruptcy Court's stay, then, belies French's utterly unsubstantiated claim that he and certain creditors have "taken steps . . . in reliance on the Removal Order." (*Id.*)[6] While French — evidently supported by at least some creditors — undoubtedly is anxious to commence an investigation into Shapiro's alleged "gross[] negligen[ce]" in the performance of his duties as Chapter 7 trustee, (*id.* at 7), the stay prevents him from doing so. Consequently, there is no legitimate cause for concern that a reversal of the removal order by this Court would inequitably unwind any progress made by the successor trustee on this front, nor that it would affect the rights of any third parties who might have acted in reliance on the order removing Shapiro as trustee. Quite simply, there is nothing in the successor trustee's submissions to this Court, nor reflected on the Bankruptcy Court's docket in the time since the removal order was entered, that suggests any development that it would be impractical or imprudent to disturb through a ruling in Shapiro's favor in the present appeal.

The successor trustee's remaining arguments in support of his appeal to equitable mootness warrant little discussion. French asserts, for example, that "[i]f the Removal Order were to be overturned, and Mark Shapiro reinstated, the bankruptcy estate would be affected by his lack of oversight." (*Id.*) Similarly, he contends that the present appeal "drastically affects the interests of the Debtors's creditors," as the "Removal Order

---

[6]Notably, French has failed to identify any evidentiary support for this claim, but instead relies solely upon the bare assertions of his counsel.

13

provides the bankruptcy estate (and its creditors) with a new opportunity to improve their recoveries from the Debtor's estate." (*Id.*)  Yet, each of these assertions begs the question presented for this Court's consideration on appeal — namely, whether the Bankruptcy Court acted on appropriate grounds in removing Shapiro as Chapter 7 trustee.  If not, it would hardly be inequitable for this Court to overturn the Bankruptcy Court's order, and neither the bankruptcy estate nor the creditors could legitimately claim any harm resulting from the reinstatement of a trustee who ought not have been removed.

If the doctrine of equitable mootness were found to be applicable under these circumstances, it is difficult to see how an order removing a trustee would ever be subject to appellate review.  Not surprisingly, the Court sees nothing in the law that supports this result.  Accordingly, the Court rejects the successor trustee's appeal to equitable mootness as a basis for dismissing this appeal.

## IV. <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Appellant Mark H. Shapiro's January 8, 2010 motion to amend notice of appeal (docket #6) is GRANTED. IT IS FURTHER ORDERED that, within ***ten (10) days*** of the date of this opinion and order, Appellant Shapiro shall file and serve an amended notice of appeal in which he accurately identifies himself as the predecessor Chapter 7 trustee.

Next, IT IS FURTHER ORDERED that Appellee Bruce C. French's January 14,

2010 motion to dismiss appeal (docket #8) is DENIED.

Finally, IT IS FURTHER ORDERED that Appellant Shapiro's February 9, 2010 motion to expedite appeal (docket #25) is DENIED, for lack of a substantial showing of a need for this Court to expedite its resolution of this appeal.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 16, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2010, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager