**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

Connolly North America, LLC,

    Debtor.
_____/

Mark H. Shapiro, Chapter 7 Trustee
for Connolly North America, LLC,

    Appellant,

v.

Bruce C. French, successor Chapter 7 Trustee
for Connolly North America, LLC, Mediofactoring,
Coface Argentina, and Curtiembre Arlei, S.A.,

    Appellees.
_____/

Case No. 09-14179
Hon. Gerald E. Rosen

Bankr. Case No. 01-57090
Chapter 7
Hon. Thomas J. Tucker

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S
ORDER GRANTING MOTION FOR REMOVAL OF BANKRUPTCY TRUSTEE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    November 22, 2010   

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I. INTRODUCTION

Appellant Mark H. Shapiro, the former Chapter 7 trustee for the bankruptcy estate of Debtor Connolly North America, LLC, commenced the present appeal on October 23, 2009, challenging the Bankruptcy Court's October 15, 2009 order granting a motion to

remove him as the trustee. The Bankruptcy Court's order was premised upon former trustee Shapiro's conflict of interest in investigating and determining whether to pursue possible claims against himself and his law firm arising from the performance of their duties in the course of the bankruptcy proceedings. In seeking reversal of this ruling, Shapiro principally contends (i) that most of the potential claims against him and his firm that the Bankruptcy Court cited in its ruling are barred by the applicable statutes of limitation, so that there is no need to investigate them, and (ii) that the Bankruptcy Court erred in relying upon mere allegations, as opposed to specific facts, in determining that there was "cause" for Shapiro's removal under 11 U.S.C. § 324(a).

On January 21, 2010, former trustee Shapiro filed a brief in support of his appeal. On April 30, 2010, two sets of parties filed briefs in opposition to Shapiro's challenge and in support of the Bankruptcy Court's ruling: (i) creditors Mediofactoring and Coface Argentina, two of the three creditors that sought Shapiro's removal as trustee,[1] and (ii) successor Chapter 7 trustee Bruce C. French. Having reviewed the parties' briefs and the record on appeal, the Court finds that the relevant facts and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Shapiro's appeal "on the briefs." *See* Local Rule 7.1(f)(2), Eastern District of Michigan. For the reasons stated below, the Court affirms the Bankruptcy Court's ruling.

---

[1]The third creditor that joined in the motion for Shapiro's removal, Curtiembre Arlei, S.A., is not a party to the present appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November of 2001, Appellant Mark H. Shapiro was appointed the Chapter 7 trustee for the estate of Debtor Connolly North America, LLC. On July 17, 2009, creditors Mediofactoring, Coface Argentina, and Curtiembre Arlei, S.A. filed a motion for the removal of Shapiro as trustee. Following a lengthy September 9, 2009 hearing, the Bankruptcy Court entered an October 15, 2009 order granting the creditors' motion and removing Shapiro as trustee. Shortly thereafter, the United States Trustee appointed Bruce C. French as successor Chapter 7 trustee.

The creditors' effort to remove Shapiro as trustee was premised upon his failure to investigate and prosecute certain claims on behalf of the bankruptcy estate, and his conflict of interest in investigating and pursuing these claims against himself and his law firm. In particular, the claims that the creditors faulted Shapiro for failing to pursue included (i) a claim arising from Shapiro's "gross negligence" in the course of an accounting malpractice adversary proceeding brought by former trustee Shapiro against Plante & Moran, LLP, *see Shapiro v. Plante & Moran, LLP (In re Connolly North America LLC),* 376 B.R. 161, 164-65 (Bankr. E.D. Mich. 2007) (dismissing this malpractice action with prejudice in light of discovery violations committed by Shapiro and his counsel); and (ii) claims arising from Shapiro's failure to investigate and pursue the recovery of approximately $20 million in potentially avoidable insider transfers. In addition to these claims identified in their motion, the creditors raised two other sets of potential claims at the September 9, 2009 hearing which, in their view, warranted

investigation by a neutral and disinterested successor trustee: (i) claims arising from Shapiro's failure to timely bring a preference claim against GE Capital before the statute of limitations ran on this claim; and (ii) claims arising from the dismissal of an adversary proceeding against Art Leather due to alleged mistakes made by former trustee Shapiro and his counsel at trial.

In a thorough bench opinion delivered at an October 15, 2009 hearing and spanning 55 pages of the transcript of this hearing, the Bankruptcy Court found that the bankruptcy estate had potential claims against former trustee Shapiro and his law firm, and that Shapiro was subject to removal as trustee because he had a conflict of interest in investigating, evaluating, and pursuing these possible claims. (*See* 10/15/2009 Hearing Tr. at 54-56.) In so ruling, the Bankruptcy Court determined that two of the potential claims identified by the creditors were time-barred and need not be investigated: (i) a breach of fiduciary duty claim against Shapiro for failing to timely pursue preference claims against Curtarsa and other alleged insiders; and (ii) a breach of fiduciary duty claim against Shapiro for failing to timely bring a preference claim against GE Capital. (*See id.* at 49-50.) The Bankruptcy Court further concluded, however, that a number of other potential breach of fiduciary duty claims against Shapiro remained viable and worthy of investigation, as did several possible claims of malpractice against Shapiro's law firm. (*See id.* at 48, 50.) While the Bankruptcy Court emphasized that it was "expressing [no] view that there actually are any valid claims against Mr. Shapiro, trustee or against his law firm that have value for the bankruptcy estate and should be pursued,"

4

it found a sufficient basis for concluding that there were "possible claims" that "should be investigated further and evaluated by a disinterested trustee on behalf of the bankruptcy estate," which necessarily entailed the removal of Shapiro as trustee. (*Id.* at 54, 56.) Former trustee Shapiro now appeals this ruling.

## III. ANALYSIS

**A.    The Standards Governing This Appeal**

In ordering the removal of Appellant Mark H. Shapiro as Chapter 7 trustee, the Bankruptcy Court exercised its authority under 11 U.S.C. § 324(a) to remove a trustee "for cause." "Removal of a trustee under § 324 is left to the sound discretion of the bankruptcy court." *Dye v. Brown (In re AFI Holding, Inc.),* 530 F.3d 832, 844 (9th Cir. 2008). A bankruptcy court will be deemed to have abused this discretion only "where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment." *PCFS Financial v. Spragin (In re Nowak),* 586 F.3d 450, 454 (6th Cir. 2009) (internal quotation marks and citation omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Nowak,* 586 F.3d at 454 (internal quotation marks and citation omitted).

**B.    The Bankruptcy Court Did Not Abuse Its Discretion in Removing Trustee Shapiro for Cause Under 11 U.S.C. § 324(a).**

In the ruling on appeal, the Bankruptcy Court determined that Mark Shapiro

5

should be removed as Chapter 7 trustee in light of his conflict of interest in investigating and pursuing potential claims against himself and his law firm arising from their conduct in the course of Debtor's bankruptcy proceeding. Before this Court, former trustee Shapiro challenges three aspects of this ruling. First, he contends that his removal was based in part upon potential claims that are barred by the applicable statutes of limitation, and thus need not be investigated by a successor trustee. Next, Shapiro asserts that the Bankruptcy Court impermissibly relied on mere allegations in ordering his removal, rather than insisting that the moving creditors establish a factual basis for this action. Finally, Shapiro argues that the Bankruptcy Court erred by basing its ruling in part upon potential claims that were raised for the first time at the September 9, 2009 hearing on the creditors' motion for his removal, and not in the creditors' underlying motion. The Court addresses each of these contentions below, beginning with Shapiro's claim that the Bankruptcy Court ruling rests upon allegations rather than facts.

In ordering Shapiro's removal as trustee, the Bankruptcy Court invoked 11 U.S.C. § 324(a), which authorizes a bankruptcy court, "after notice and a hearing," to "remove a trustee . . . for cause." As the courts have observed, "the Bankruptcy Code does not define 'cause,'" leaving it to the bankruptcy courts to "make the determination on a case-by-case basis." *Boyd v. Rabin (In re Boyd),* 397 B.R. 544, 2008 WL 4372948, at *3 (B.A.P. 6th Cir. Sept. 23, 2008); *see also In re AFI Holding,* 530 F.3d at 845. "Typical cause for removal includes incompetence, misconduct in office, conflict of interest, or other violations of fiduciary duties the trustee owes to the estate and its creditors." *In re*

6

*Boyd,* 2008 WL 4372948, at *3 (internal quotation marks and citations omitted); *see also In re AFI Holding,* 530 F.3d at 845 ("It is well established that 'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, or lack of disinterestedness or holding an interest adverse to the estate."). As the parties seeking removal, the creditors had the "burden of establishing 'cause' by setting forth specific facts that support removal," and "[c]onclusory contentions not supported by specific facts are insufficient grounds for removal of a trustee." *In re Boyd,* 2008 WL 4372948, at *3.

In former trustee Shapiro's view, the creditors failed to meet this burden of establishing a specific factual basis for Shapiro's removal, but instead identified only potential claims arising from allegations of malpractice and breaches of fiduciary duties. Indeed, the Bankruptcy Court acknowledged as much in its ruling, emphasizing that it was not "expressing any view that there actually are any valid claims against Mr. Shapiro, trustee or against his law firm that have value for the bankruptcy estate and should be pursued," and observing that the viability of such claims turned upon "many issues that have not been briefed or argued by the parties or ruled on today." (10/15/2009 Hearing Tr. at 54-55.) Under this record, Shapiro argues that the Bankruptcy Court erred by predicating his removal upon mere allegations rather than a showing of specific facts.

This contention, however, overlooks the actual basis for the Bankruptcy Court's ruling. As the Bankruptcy Court carefully explained, Shapiro was not removed as trustee because he had breached fiduciary duties or failed to pursue viable claims on behalf of the bankruptcy estate and creditors, but because he had "a conflict of interest in investigating,

7

evaluating, [and] deciding whether to pursue on behalf of the estate, claims against himself and claims against his own law firm." (*Id.* at 56.) The creditors who sought Shapiro's removal did not rely on mere allegations to establish this conflict of interest, but rather established this conflict through a showing of specific facts. Indeed, Shapiro himself recognizes in his brief on appeal that "if there is a need for an independent investigation of claims that could be asserted against [Shapiro] or his law firm, he cannot do that." (Appellant Br. at 35.) Thus, as to the specific basis for the Bankruptcy Court's ruling — namely, Shapiro's conflict of interest in investigating and pursuing claims against himself and his law firm — the moving parties established the requisite "specific facts" to support this conclusion. This serves to distinguish the cases cited by Shapiro in which courts have been unwilling to remove a trustee on the basis of mere allegations. *See, e.g., In re Boyd,* 2008 WL 4372948, at *4 (holding that "[t]he Debtor's mere conclusory statement that the Trustee breached a fiduciary and legal duty [wa]s insufficient" to warrant the trustee's removal); *Reagan v. Wetzel (In re Reagan),* 403 B.R. 614, 623 (B.A.P. 8th Cir. 2009) (affirming the denial of a debtor's motion to remove a trustee where the debtor offered only "conclusory contentions unsupported by specific facts" that amounted to nothing more than a "disagree[ment] with the trustee's business management").

Shapiro insists, however, that the Bankruptcy Court should have conducted an evidentiary hearing into the validity of the potential claims identified by the creditors, so as to avoid the prospect that a trustee could be removed for a conflict of interest in any

8

case where there are mere accusations of trustee wrongdoing. Yet, as a practical matter, this Court questions the wisdom and utility of imposing an across-the-board requirement of an evidentiary hearing before a trustee may be removed for a conflict of interest, or of otherwise demanding a more rigorous standard of proof than applied by the Bankruptcy Court here. In order to obtain specific facts establishing a trustee's breach of duties owed to the bankruptcy estate and its creditors, there necessarily must be an investigation into the trustee's conduct in the course of the bankruptcy proceedings. As Shapiro himself acknowledges, a currently serving trustee cannot be expected to conduct a meaningful investigation into his own alleged wrongdoing or shortfalls in the performance of his duties. Under these circumstances, an evidentiary hearing without the means for gathering relevant evidence is unlikely to serve a useful purpose, and Shapiro does not suggest what more might have been learned if the Bankruptcy Court had conducted such a hearing in this case.

To be sure, there is some force to Shapiro's point that even a patently meritless or untenable claim can be cited as warranting removal of a trustee and investigation by a successor trustee. Yet, regardless of the legitimacy of this concern in the abstract, this Court is confident that the challenged Bankruptcy Court ruling in this case rests upon a much more solid evidentiary foundation. Many of the potential claims cited by the Bankruptcy Court as warranting investigation — *e.g.,* the claims arising from Shapiro's handling of the Plante & Moran and Art Leather adversary proceedings — involved matters over which the Bankruptcy Court directly presided, and about which the

9

Bankruptcy Court had first-hand, personal knowledge. As one notable example, the Bankruptcy Court expressly held in the Plante & Moran adversary proceeding that "both the Trustee and his attorney breached the obligations under the discovery rules," that these breaches "were the product of gross negligence," and that the proper remedy for these breaches was the dismissal of the adversary proceeding. *In re Connolly North America,* 376 B.R. at 164-65.

Under these circumstances, the Bankruptcy Court was not compelled to rely on mere allegations by the creditors that Shapiro had engaged in conduct that could give rise to potential claims. To the contrary, the potential claims cited by the Bankruptcy Court arose from conduct that the Bankruptcy Court directly observed — and, in one case at least, had already characterized as negligent — as well as preference claims that Shapiro and his law firm unquestionably failed to pursue. While the Bankruptcy Court recognized that these potential claims might nonetheless lack "value to the estate sufficient to make them worth pursuing against either Mr. Shapiro or his law firm," (10/15/2009 Hearing Tr. at 55), these questions as to the *value* of these potential claims do not raise concerns that the Bankruptcy Court impermissibly relied on mere allegations of misfeasance in ordering Shapiro's removal as trustee. Rather, the Bankruptcy Court properly considered specific facts raised by the moving creditors and within the court's own first-hand knowledge in making a determination that was firmly committed to its discretion:

> Historically, bankruptcy court have been accorded wide discretion in connection with fact-intensive matters, and in regard to the terms and conditions of the engagement of professionals. The bankruptcy judge is on

> the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails. If he perceives a materially adverse interest, he has at his disposal an armamentarium of permissible remedies, including (but by no means limited to) disqualification [or] disallowance of all or some fees . . . .

*In re Martin,* 817 F.2d 175, 182-83 (1st Cir. 1987) (citations omitted); *see also In re BH & P Inc.,* 949 F.2d 1300, 1313 (3d Cir. 1991). Accordingly, upon reviewing the record presented on appeal, this Court cannot say that the Bankruptcy Court abused its discretion through over-reliance on mere allegations, as opposed to specific facts that justified Shapiro's removal for cause under § 324(a).

Shapiro next contends, however, that certain of the potential claims cited by the Bankruptcy Court as warranting further investigation are time-barred, and thus need not be evaluated by a successor trustee. Yet, as an initial matter, even assuming that Shapiro's reading of the relevant statutes of limitation is correct, he acknowledges that at least some of the potential claims cited by the Bankruptcy Court as warranting investigation are ***not*** time-barred. Thus, it is doubtful whether there is any need for this Court to review the Bankruptcy Court's rulings on Shapiro's statute-of-limitations challenges, because at least some claims against Shapiro would remain to be investigated by the successor trustee.[2]

---

[2]Moreover, the creditors and the successor trustee aptly observe that "the very argument advanced by the Former Trustee — that he need not investigate himself because he beat the applicable statutes of limitations involved — only highlights the conflict of interest in having the Former Trustee as investigator." (Creditor Appellees' Br. at 18; *see also* Successor Trustee's Br. at 14.) It is hardly compelling — to the contrary, it is somewhat troubling — for Shapiro to contend that it is pointless to investigate his conduct as trustee because, as a result of his own inaction in failing to investigate himself and his law firm, the bankruptcy estate could no longer

11

In any event, the Court finds no basis to disturb the Bankruptcy Court's resolution of these challenges. First, as to the timeliness of a breach of fiduciary duty claim against Shapiro arising from his conduct in the Plante & Moran adversary proceeding, Shapiro argues that the applicable three-year statute of limitations, *see* Mich. Comp. Laws § 600.5805(10), began to run when the Bankruptcy Court declared a mistrial in June of 2005 upon discovering that the trustee and his counsel failed to disclose and produce a number of documents in discovery. *See In re Connolly North America,* 376 B.R. at 164. The Bankruptcy Court held, however, that the potential claim against Shapiro did not accrue until the bankruptcy estate suffered harm as a result of Shapiro's alleged breach, and it reasoned that this harm did not arise from the mistrial in June of 2005, but instead from the court's subsequent determination in October of 2007 that the adversary proceeding against Plante & Moran should be dismissed as a sanction for Shapiro's and his counsel's discovery violations. As the Bankruptcy Court observed, the mistrial alone left open the possibility of a retrial, with the prospect that "the trustee might have done better and stood a greater chance of getting a jury verdict had [he] had the opportunity for essentially a so-called do over." (10/15/2009 Hearing Tr. at 38.) Shapiro acknowledges that under the relevant Michigan law, a breach of fiduciary duty claim accrues "when the plaintiff is harmed rather than when the defendant acted." *Trentadue v. Gorton,* 479 Mich. 378, 738 N.W.2d 664, 670 (2007) (internal quotation marks and citation omitted).

---

take meaningful action against him for any wrongdoing that might be uncovered in such an investigation.

The Bankruptcy Court did not err in concluding that the bankruptcy estate first suffered harm as a result of Shapiro's and his counsel's discovery violations when the court determined that dismissal of the Plante & Moran adversary proceeding was the appropriate remedy for these violations.

Shapiro's remaining challenges to the Bankruptcy Court's statute-of-limitations rulings rest upon the contention that the two-year statute of limitations for bringing legal malpractice claims against Shapiro's law firm, *see* Mich. Comp. Laws § 600.5805(6), began to run separately for each of the distinct "matters" in which the firm provided allegedly deficient legal representation. In Shapiro's view, then, a claim of legal malpractice arising from the firm's failure to pursue insider preference claims had to be brought within two years after the statute of limitations on such claims expired in 2003. Likewise, Shapiro contends that a legal malpractice claim arising from the firm's failure to timely bring a preference claim against GE Capital had to be brought within two years after the Bankruptcy Court entered a stipulation and order in February of 2004 dismissing GE Capital.

The Bankruptcy Court disagreed. Specifically, in reliance primarily on its own decision in *Gold v. Deloitte & Touche, LLP (In re NM Holdings Co.),* 405 B.R. 830, 840-41 (Bankr. E.D. Mich. 2008), the court held that the malpractice claims against Shapiro's law firm did not begin to accrue until April of 2009, when the firm "discontinue[d] serving the trustee in a professional capacity as to the matters out of which the . . . claims for malpractice arose." (10/15/2009 Hearing Tr. at 47.) In so ruling, the Bankruptcy

13

Court rejected Shapiro's reading of Michigan's malpractice accrual statute, Mich. Comp. Laws § 600.5838(1), as unduly narrow and inconsistent with the Michigan Supreme Court's decision in *Levy v. Martin,* 463 Mich. 478, 620 N.W.2d 292, 297-98 (2001). Having reviewed the Bankruptcy Court's thorough survey and discussion of the pertinent Michigan case law in *In re NM Holdings,* 405 B.R. at 840-41, as well as the underlying Michigan decisions themselves, this Court finds no error in the Bankruptcy Court's determination that the bankruptcy estate's potential malpractice claims against Shapiro's law firm did not accrue until April of 2009, when the firm ceased to serve trustee Shapiro in a variety of matters arising in the course of Debtor Connolly's Chapter 7 proceedings.

Finally, Shapiro contends that the Bankruptcy Court's ruling impermissible rested in part upon claims that the moving creditors raised for the first time at the September 9, 2009 hearing on their motion for removal, and not in the underlying motion itself. Specifically, at the September 9 hearing, the creditors' counsel raised two sets of claims that the Bankruptcy Court subsequently deemed worthy, at least in part, of investigation by a successor trustee: (i) breach of fiduciary duty and malpractice claims arising from the failure to timely pursue a preference claim against GE Capital; and (ii) malpractice claims arising from the dismissal of an adversary proceeding against Art Leather due to alleged mistakes made by Shapiro and his counsel at trial. Shapiro asserts that the Bankruptcy Court violated his right to due process by considering these newly-raised claims, rather than rejecting them or, at a minimum, adjourning the proceedings to provide him an opportunity to respond.

14

This Court finds that any error arguably committed by the Bankruptcy Court in considering the matters raised by the creditors' counsel at the September 9 hearing does not warrant reversal. As the creditors and the successor trustee correctly observe, the creditors did not advance any new *theories* in support of their motion to remove Shapiro as trustee, but instead merely cited additional *evidence* in support of their existing theory — namely, that Shapiro had a conflict of interest in investigating potential claims against himself and his law firm. It was within the Bankruptcy Court's discretion to decide whether to consider this evidence offered for the first time at the September 9 hearing. *See Hooks v. Hooks,* 771 F.2d 935, 946 (6th Cir. 1985). Once the court elected to consider this additional evidence, Shapiro was entitled to an opportunity to address it. *See, e.g., Seay v. Tennessee Value Authority,* 339 F.3d 454, 481-82 (6th Cir. 2003); *Peters v. Lincoln Electric Co.,* 285 F.3d 456, 477 (6th Cir. 2002). In this case, while counsel for Shapiro protested at the September 9 hearing that it was "very unfair" for the creditors to raise new matters at the hearing that were not referenced in their motion, he did not request a continuance or seek an opportunity to address these matters in a post-hearing submission, but instead proceeded to address them at the hearing itself. (9/9/2009 Hearing Tr. at 18-20, 25-26.) Likewise, in the month between the September 9 hearing and the Bankruptcy Court's ruling on October 15, 2009, Shapiro did not request leave to file a supplemental brief addressing this additional evidence. Finally, the matters raised by the creditors at the September 9 hearing did not trigger heightened concerns of unfair surprise or prejudice, but instead dealt with Shapiro's own conduct in the course of the

bankruptcy proceedings — matters that he and his counsel presumably could (and, in fact, did) address with little advance notice during the hearing itself. Under this record, while the Bankruptcy Court could have elected in its discretion not to consider these matters, the court did not abuse its discretion — much less commit a due process violation, as claimed in Shapiro's brief on appeal — by addressing the additional evidence submitted by the creditors and their counsel at the September 9 hearing.[3]

### IV. **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's October 15, 2009 order granting motion for removal of bankruptcy trustee is AFFIRMED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: November 22, 2010

---

[3] It also is worth noting that even if the Bankruptcy Court had excluded these matters from its consideration in deciding the creditors' motion to remove Shapiro as trustee, there still would have remained other potential claims for investigation by a successor trustee.

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 22, 2010, by electronic and/or ordinary mail.

                                <u>s/Ruth A. Gunther</u>
                                Case Manager